PER CURIAM:
 

 In this appeal, the appellant seeks reversal of the district court’s ruling holding non-dischargeable a debt under 11 U.S.C. § 727.
 
 [1]
 
 The district court found the debt- or’s conduct to be a willful and malicious conversion of Ford Motor Credit Company’s (FMCC) property which precludes dis
 
 *1557
 
 charge under 11 U.S.C. § 523(a)(6).
 
 [2]
 
 We affirm. _
 

 Facts
 

 On September 3,1981, William B. Owens, as president, director, and majority stockholder of Dothan Lincoln-Mercury Company, Inc. (Dothan Lincoln-Mercury), executed an “Automotive Wholesale Plan Application for Wholesale Financing and Security Agreement” (floor plan) with FMCC. Under the floor plan, FMCC would advance to Dothan Lincoln-Mercury money necessary to purchase vehicles for sale or lease in the ordinary course of business. The floor plan gave FMCC a security interest in the vehicles purchased by Dothan Lincoln-Mercury and in the proceeds of the sale and disposition of said vehicles. Owens also executed a “Wholesale Financing Guarantee” personally and unconditionally guaranteeing payment and performance by Dothan Lincoln-Mercury of his obligations to FMCC. One such obligation was to hold the proceeds of sale in trust for FMCC and make required remittances to FMCC upon receipt of such proceeds.
 

 On November 19, 1982, Dothan Lincoln-Mercury filed a Chapter 11 petition which later was involuntarily converted to a Chapter 7 bankruptcy. The same day, FMCC, while conducting a routine audit, discovered that several automobiles subject to the FMCC lien had been sold out of trust. FMCC also determined that four checks issued by Dothan Lincoln-Mercury to FMCC totaling $42,585.34 in payment of the four cars sold out of trust had been’ returned for insufficient funds. Also, another check in the amount of $4,826.29 issued by Dothan Lincoln-Mercury to FMCC as payoff on a trade-in was returned for insufficient funds.
 

 During the pendency of the bankruptcy proceedings, the bankruptcy court authorized FMCC to remove all automobiles included in its security agreement; this was done. Dothan Lincoln-Mercury ceased doing business and filed suit against Ford Motor Company and FMCC in the district court seeking monetary damages and in-junctive relief.
 

 On April 7, 1983, Owens testified that he had sold vehicles owned by FMCC valued at $96,000 without remitting the proceeds to FMCC. Owens also testified that Do-than Lincoln-Mercury allowed David Ker-per the use of a demonstrator automobile which was covered by the FMCC lien as “part of his payment” since he was an investor and on the board of directors of the company.
 

 Owens further admitted that Dothan Lincoln-Mercury was out of trust with City National Bank and that he had transferred the sum of $100,000 from Dothan Lincoln-Mercury to another dealership which he owned in Dothan, Imperial Volkswagen. Owens failed to make any notation on the records of Dothan Lincoln-Mercury or receive a promissory note from Imperial Volkswagen evidencing the transfer.
 

 The district court denied Dothan Lincoln-Mercury’s request for a temporary restraining order seeking to prevent FMCC from reclaiming the collateral covered by its security agreement. Dothan Lincoln-Mercury’s complaint was subsequently taken over by the trustee in bankruptcy in the Chapter 7 proceeding and was settled for a sum of $2,000. According to counsel for Owens, the settlement was conducted without prior notice to Owens or his attorneys, one of whom had been associated by the trustee’s attorney for the purpose of handling the lawsuit.
 

 In its order of July 11, 1985, the bankruptcy court ruled that sections 523(a)(4), 523(a)(6), and 727 of the Bankruptcy Code did not bar Owens from receiving a discharge in bankruptcy. The bankruptcy court held that Owens was not guilty of willful and malicious conversion of floor planned vehicles or their proceeds. The bankruptcy court specifically noted that al
 
 *1558
 
 though the corporate dealership may have sold the floor planned vehicles in the ordinary course of business, the actions of Do-than Lincoln-Mercury cannot be attributed to Owens personally. The bankruptcy court further found that these activities cannot be characterized as willful and malicious, and that Owens was not obligated to segregate the proceeds or pay them directly to FMCC. The bankruptcy court held that Owens was not guilty of any conversion of proceeds and if any conversion occurred, it was performed by Dothan Lincoln-Mercury and could not be personally attributed to Owens.
 

 FMCC asserts that section 528(a)(6) of the Bankruptcy Code prevents discharge of an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity. FMCC takes the position that section 523(a)(6) bars Owens from receiving a discharge because:
 

 (1) Owens sold vehicles covered under the floor plan without remitting the proceeds of the sale to FMCC; (2) Owens transferred at least $100,000 from Do-than Lincoln-Mercury to another dealership owned and operated by Owens; (3) Owens failed to make any notation on the records of Dothan Lincoln-Mercury or receive a promissory note evidencing the transfer of $100,000 to another dealership; (4) Owens, as president, director, and majority stockholder, was personally responsible for the day-to-day operations of Dothan Lincoln-Mercury and because of his official capacity with Dothan Lincoln-Mercury, he is liable for the dealership's failure to fulfill its obligations to FMCC in accordance with the terms of the .floor plan.
 
 Citronelle-Mobile Gathering v. O’Leary,
 
 499 F.Supp. 871 (D.C. Ala.1980) (officers and directors of corporations are liable for debts of corporation to the extent of their participation in tortious act resulting in harm to a third party); (5) Owens had sixteen years of experience in the automobile business prior to taking over Dothan Lincoln-Mercury, was generally familiar with the operation of dealership and the floor plan of automobiles, and based upon Owens’s experience in the business, he knéw or should have known that selling automobiles out of trust would result in injury to FMCC.
 
 United Bank of Southgate v. Nelson,
 
 35 B.R. 766 (Bankr., Ill.1983) (court held debtor deemed to have knowledge that his actions would harm creditors’ interest based upon his experience in the business, concealment of sales, understanding of terms and conept of security agreement); and (6) the actions of Dothan Lincoln-Mercury were unjustified and tantamount to a willful and malicious injury to the property of FMCC.
 
 Tinker v. Colwell,
 
 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902) (a wrongful act which causes injury and is done intentionally may be considered willful and malicious).
 

 Additionally, FMCC contends that in signing the guarantee agreement, Owens personally guaranteed the obligations and indebtedness of Dothan Lincoln-Mercury to FMCC under the terms of the floor plan agreement. The agreement imposed contractual obligations directly upon Owens separate and apart from the obligation he otherwise owed to FMCC due to his official capacity with Dothan Lincoln-Mercury. Therefore, FMCC contends that the district court properly reversed the decision of the bankruptcy court by finding the decision to be clearly erroneous in not finding Owens’s conduct to be a willful and malicious injury to the property of FMCC in violation of 11 U.S.C. § 523(c).
 

 Owens asserts that the “clearly erroneous” rule is the proper standard for review by which the district court was bound to review the findings of fact made by the bankruptcy court. In
 
 Anderson v. City of Bessemer, N.C.,
 
 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985), the Court rejected a court of appeals’s determination that a district court’s findings had been clearly erroneous. The Court cited
 
 United States v. United States Gypsum Co.,
 
 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948) which held that “a finding is ‘clearly erroneous’ when although there is evidence to
 
 *1559
 
 support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.”
 
 Anderson,
 
 105 S.Ct. at 1511. Owens urges that the bankruptcy court, being in a better position to make factual as well as credibility determinations, correctly applied the law in concluding that he was entitled to discharge under 11 U.S.C. § 727.
 

 FMCC contends, however, that since the bankruptcy court’s decision was based upon undisputed documentary evidence and a stipulation of facts, the standard of review that affords a lower court’s findings a degree of deference is somewhat less than if based upon oral testimony.
 
 Bulls Corner Restaurant, Inc. v. Director of Federal Management Agency,
 
 759 F.2d 500 (5th Cir.1985). In summary, FMCC contends that the evidence clearly established that the actions of Owens amounted to a willful and malicious injury to the property of FMCC and bars him from a discharge under 11 U.S.C. § 523(a)(6).
 

 Discussion
 

 Two issues are presented on appeal. First, whether there were any actions which were willful and malicious and caused injury to the property interest of FMCC; and second, whether Owens was personally liable for such acts.
 

 The district court held that the floor plan agreement specified that Dothan Lincoln-Mercury had a duty to hold in trust all proceeds of any sale or other disposition of all merchandise subject to FMCC’s purchase money security interest and to remit such proceeds promptly to FMCC. To the extent that Dothan Lincoln-Mercury failed to comply with the terms of the floor plan, it was guilty of conversion of property. The evidence established that Dothan Lincoln-Mercury disposed of a number of vehicles, their value totaling $97,000, without accounting for the proceeds to FMCC in contravention of the expressed trust provisions of the floor plan. We affirm the district court’s findings that when Dothan Lincoln-Mercury disposed of said proceeds it did not have any good faith reason for doing so and that it presumptively knew that harm would result from conversion of a secured party’s collateral. The district court properly ruled that Dothan Lincoln-Mercury was guilty of a willful and malicious conversion of FMCC’s property.
 

 The only question that remained before the district court was whether the debt which was nondischargeable as to Do-than Lincoln-Mercury was also nondis-chargeable as to Owens in his personal bankruptcy. The court noted that although officers and directors of a corporation are generally not liable for the debts of the corporation, they are liable to the extent that their participation in the commission of a tortious act results in some harm to a third party and causes them to be liable to a third party.
 
 Citronelle-Mobile Gathering v. O’Leary,
 
 499 F.Supp. 871 (D.C.Ala.1980). The district court noted that bankruptcy courts have held that a personal debtor who, as an officer of a corporation, actively participates in the conversion of property which is subject to the security interest of a third party, is personally liable to said party and thus the debt is nondischargeable pursuant to section 523(a)(6).
 
 Matter of Penning,
 
 22 B.R. 616, 619 (Bankr.E.D.Mich.1982);
 
 In re Schwartz,
 
 36 B.R. 355, 359 (Bankr.E.D.N. Y.1984);
 
 In re Nicolls,
 
 42 B.R. 87 (Bankr. N.D.Ill.1984). The district court’s ruling that Owens had actively participated in the conversion because he made the decision to dispose of the automobiles and not to turn over the proceeds to FMCC is clearly supported by the evidence in the record. In so finding, the district court correctly held that Owens was not entitled to a discharge in his personal bankruptcy because of his actions as a majority stockholder and president of Dothan Lincoln-Mercury, whereby he failed to comply with the essential terms of the floor plan.
 

 It is clear from the evidence that Dothan Lincoln-Mercury caused a willful and malicious injury to FMCC by the conversion of FMCC’s property. Additionally, Owens is personally liable for the resulting injury to FMCC because of his official capacity with Dothan Lincoln-Mercury, and his active
 
 *1560
 
 participation in the conversion of the property subject to FMCC’s security interest. Therefore, Owens is personally liable to FMCC for the conversion of the property in question and the debt is nondischargeable pursuant to section 523(a)(6) in Owens personal bankruptcy.
 

 In accordance with the clearly erroneous standard announced in
 
 U.S. Gypsum Company,
 
 the district court properly reversed the decision of the bankruptcy court declaring that section 523(a)(6) did not bar Owens from receiving a discharge in his personal bankruptcy. We affirm.
 

 AFFIRMED.
 

 [1]
 

 . Section 727(a) provides that "[t]he court shall grant the debtor a discharge, unless” the debtor falls within certain listed exceptions
 

 [2]
 

 . Section 523(a)(6) provides that:
 

 (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
 

 fa) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]