**In re Larry James MANSER, Debtor.**

**Allan ANDREWS, et al.,**
**Plaintiff/Appellee,**

v.

**Larry James MANSER,**
**Defendant/Appellant.**

**Richard FISHER, et al.,**
**Plaintiff/Appellee,**

v.

**Larry James MANSER,**
**Defendant/Appellant.**

**BAP No. CC 88–1074 MoJV.**
**Bankruptcy No. SA 85–01113 (RP) JR.**
**Adv. Nos. SA 85–0488 (RP) JR, SA 85–0486 (RP) JR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 15, 1989.

Decided May 16, 1989.

Herbert N. Niermann, Newport Beach, Cal., for defendant-appellant.

Michelle A. Reinglass, Laguna Hills, Cal., for plaintiffs-appellees.

Before MOOREMAN, JONES and VOLINN, Bankruptcy Judges.

## OPINION

MOOREMAN, Bankruptcy Judge:

This appeal arises out of the bankruptcy court's Judgment which held that certain debts totaling $137,993.19 were nondischargeable under 11 U.S.C. § 523(a)(2) and (6). We hold that there is sufficient evidence on the record before this Panel to support a determination that the instant debts are nondischargeable under § 523(a)(6), and affirm.

## FACTS

Larry Manser debtor/appellant was the president and sole shareholder of Craftworks, Inc., which operated several craft resale stores. The plaintiffs/appellees

were all "artisans" who supplied crafts on consignment to Craftworks for resale. The consignment agreements required Craftworks to account to the artisans for the profit from the sale of the products after paying the sales tax and subtracting that portion to which Craftworks was entitled. In mid–1982, Craftworks began to experience financial difficulties and payments to the appellees began to stop. Eventually Craftworks filed its Chapter 11 petition on January 14, 1983. The case was converted to a Chapter 7 in early 1985 and soon after (April 1985), the appellant filed his own Chapter 7 petition. The appellees brought the underlying adversary actions against the appellant seeking to have their debts declared nondischargeable.

The Bankruptcy court determined that Manser had willfully and intentionally converted funds belonging to the appellees pursuant to the consignment agreement and therefore the debts owing to the appellees were nondischargeable under § 523(a)(6). Additionally, the bankruptcy court held that the appellant had made false representations to the appellees regarding his intent to pay them for the purpose of inducing them to provide additional merchandise to Craftworks. Accordingly, the bankruptcy court held that the subject debts were also nondischargeable pursuant to § 523(a)(2)(A). The bankruptcy court specifically found, however, that the appellant's consignment relationship with the appellees did not rise to the level of an express trust as required by § 523(a)(4).[1]

## DISCUSSION

This Panel will review findings of fact under the clearly erroneous standard "and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankruptcy Rule 8013. Conclusions of law are re-

viewed *de novo*. *Anderson v. City of Bessemer*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

*11 U.S.C. § 523(a)(6), "Willful and Malicious Injury"*

The appellant's initial argument is that the bankruptcy court erred in finding that the appellant violated § 523(a)(6). Although it is somewhat unclear from the Findings of Fact and Conclusions of Law, the bankruptcy court's oral ruling evidences that the instant debts were found nondischargeable on the basis that the debtor as sole shareholder had misused and misappropriated "the funds of the artisans" which amounted to a "willful conversion" in violation of § 523(a)(6).

The Ninth Circuit has adopted the recognized notion that for purposes of § 523(a)(6), "willful and malicious" means a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse even absent proof of a specific intent to injure. *In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir.1986). In the instant case, the appellant's alleged wrongful act was the misuse and misappropriation of the appellees' funds which amounted to a conversion.

With regard to the specific act of conversion, the Ninth Circuit has adopted the concept that "the conversion of another's property without his knowledge or consent, done intentionally and without justification and excuse, to the other's injury, is a willful and malicious injury within the meaning of the exception." *In re Cecchini*, 780 F.2d at 1443 (citing 3 *Collier on Bankruptcy*, ¶ 523.15[1] at 523–120 (15th ed. 1983)). Accordingly, appellant's reliance on state law is misplaced.[2] Whether the appellant's actions constitute the tort of conversion under California state law is not dispositive of whether the underlying claims are nondischargeable under § 523(a)

---

**1.** Although the appellees' brief argues in support of nondischargeability on the basis that the appellant breached a fiduciary duty thereby making the debt nondischargeable under § 523(a)(4), the bankruptcy court specifically held that a cause of action under subsection (4) had not been established.

**2.** In arguing that the facts in the instant case did not give rise to a conversion, the appellant relies

on California state law. Under California law, the elements of a conversion cause of action are: 1—plaintiff's ownership or right to possession of the property at the time of the conversion; 2—defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and 3—damages. *E.g., Hartford Financial Corp. v. Burns*, 96 Cal.App.3d 591, 158 Cal.Rptr. 169 (2nd Dist.1979). Accordingly, the appellant re-

of the Bankruptcy Code. *See, e.g., In re Cecchini,* 780 F.2d at 1443–44; *In re Houtman,* 568 F.2d 651 (9th Cir.1978). Rather, the issues for purposes of § 523(a)(6) are: 1—whether the appellant committed a wrongful and intentional act; 2—whether such action produced harm; and 3—whether such action was without just cause or excuse.

In a case closely analogous to the instant case, the Eleventh Circuit determined that a president/majority shareholder of a corporation which pursuant to a "floor plan agreement" was required to remit proceeds to a creditor, was subject to a judgment of nondischargeability under § 523(a)(6). *Ford Motor Credit Co. v. Owens,* 807 F.2d 1556, 1559–60 (11th Cir.1987). The court recognized that "a personal debtor who, as an officer of a corporation, actively participates in the conversion of property which is subject to the security interest of a third party, is personally liable to said party and thus the debt is nondischargeable." *Id.* at 1559 (citations omitted).

It is apparent from the record in the instant case, that not only were the appellees' entitled to the proceeds arising from their secured status [3], but also pursuant to the "consignment agreement." [4] Additionally, the record supports the bankruptcy court's determination that the appellant was the sole person responsible for operation of the business and payment for such debts. The record also supports (and the appellant does not challenge) the findings that the appellant commingled the funds belonging to the appellees with funds used to pay Craftworks' operating expenses, as well as with personal funds of the appellant and thereby applied the appellees'

funds to his personal use. Thus, the record supports the conclusion that the appellant wrongfully and intentionally converted the appellees' funds for his own use without just cause or excuse.

Accordingly, the appellant's argument that the bankruptcy court erred in finding the instant debts nondischargeable pursuant to § 523(a)(6), must fail.

## CONCLUSION

Based on this Panel's determination that the appellees' claims were correctly found nondischargeable under § 523(a)(6), we need not address the issues of whether such claims were also nondischargeable under § 523(a)(2) and (4). AFFIRMED.

---

lies on a California case wherein it states: "[w]here one is authorized to sell personal property for another, a conversion of the property does not result from the failure to pay over the proceeds." *Thomsen v. Culver City Motor Co.,* 4 Cal.App.2d 639, 41 P.2d 597, 600 (1935) (involving the defendant's failure to turn over proceeds arising from the sale of cars subject to a flooring contract).

Even assuming the applicability of California state law, however, the appellant has failed to establish a defense to the claim for conversion. It is essentially undisputed that a previous order established that artisans having a consignment contract with Craftworks did obtain the *status*

*of a secured creditor.* There is no evidence in the record that this order was ever appealed and the appellant's attempt at attacking the secured status of the appellees in the consigned goods is unavailing as a collateral attack on that order.

3. *See supra* note 2.

4. The agreement provided in the pertinent part: E. Craft Works ... *shall pay to artisan,* on or before the 1st day of each month, the portion of the proceeds from the sales of merchandise for the period running from the 15th to the 14th of the preceding month. (emphasis supplied).