**In re Paul Edward SPEERS, Debtor.**

**Mercantile Bank of Arkansas, N.A., Plaintiff,**

v.

**Paul Edward Speers, Defendant.**

**Bankruptcy No. 99–41105M. Adversary No. 99–4126.**

United States Bankruptcy Court, E.D. Arkansas, Western Division.

Feb. 2, 2000.

Floyd A. Healy, Little Rock, AR, for Debtor.

Scott T. Vaughn, North Little Rock, AR, for Mercantile Bank of Arkansas, N.A.

## MEMORANDUM OPINION

JAMES G. MIXON, Chief Judge.

On March 5, 1999, Paul Edward Speers ("Debtor") filed a voluntary petition for relief under the provisions of chapter 7 of the Bankruptcy Code. On July 29, 1999, Mercantile Bank of Arkansas, N.A. ("Bank") filed a complaint to determine dischargeability of a debt owed to the Bank in the sum of $40,367.36. The Bank alleged that the debt resulted from a willful and malicious injury committed by the Debtor and that the debt is thus nondischargeable under the provisions of 11 U.S.C. § 523(a)(6).

The matter was heard in Little Rock, Arkansas, on December 3, 1999, and the parties submitted the case upon stipulated facts and briefs.

This Court has jurisdiction under 28 U.S.C. § 1334 and § 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court may enter a final judgment in the case. The following shall constitute the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

## FACTS

On January 9, 1995, the Bank loaned Joe and Gloria Conklin the sum of $75,002.00. Payment of the debt was secured by a perfected first security interest in a 1994 Sun Voyager motorized home. The Debtor owns 100% of the stock in Woody's RV Sales, Inc. ("Woody's, Inc.") and is also president of the corporation. In July 1996 the Debtor, acting as an agent and officer of Woody's, Inc., agreed with the Conklins to undertake to sell the Sun Voyager on a consignment basis. At the time of the consignment agreement, the Debtor knew about the Bank's perfected security interest.

On January 10, 1997, the Debtor, on behalf of Woody's, Inc., sold the Sun Voyager to third parties for the trade in of a GMC motor home valued at $16,000.00 and cash in the sum of $41,000.00. The parties stipulated that none of the purchase price was remitted to the Bank and that "Speers used the money for his own personal use and for the use of his business, Woody's RV Sales, Inc." [1] (Joint ex. 1, Stipulation 16.)

After learning of the "conversion," the Bank filed suit against the Debtor and obtained a default judgment in the Circuit Court of Faulkner County. Arkansas, in the amount of $40,367.36 plus interest, attorneys fees, and costs. The Debtor testified at the 341(a) meeting that he used the money to pay the operating expenses and overhead of Woody's RV Sales, Inc.

## DISCUSSION

 The Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor ... to the property of another entity." 11 U.S.C. § 523(a)(6). The creditor has the burden of proving each element of the statute by a

---

1. It is unclear from the stipulation whether any portion of the purchase price was paid to the Conklins. Also, the stipulation does not address what fee, if any, would have been due the Debtor for handling the sale.

preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 285, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The conduct complained of must be both willful and malicious. *Barclays Am./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 881 (8th Cir.1985); *National Bank of Commerce v. Hoffman (In re Hoffman)*, 70 B.R. 155, 161 (Bankr. W.D.Ark.1986). In the context of section 523(a)(6), "willful" means "intentional or deliberate." *In re Long*, 774 F.2d at 880. "Malicious" refers to conduct "targeted at the creditor ... at least in the sense that the conduct is certain or almost certain to cause financial harm." *Fischer v. Scarborough (In re Scarborough)*, 171 F.3d 638, 639 (8th Cir.1999) (quoting *In re Miera*, 926 F.2d 741, 743–44 (8th Cir.1991)), *cert. denied*, —— U.S. ——, 120 S.Ct. 330, 145 L.Ed.2d 258 (1999); *In re Long*, 774 F.2d at 881.

When a debtor impermissibly disposes of his own property subject to a security interest in favor of a creditor and fails to remit the sale proceeds to the creditor, the debtor may be liable for the tort of conversion. 4 Collier on Bankruptcy ¶ 523.12[1] (Lawrence P. King et al. eds., 15th ed. rev.1999). Here, the Debtor's conduct is even more egregious than the debtor who sells his own property in derogation of a security interest. The Debtor was not the owner of the mortgaged property sold but merely the selling agent who, at most, was only entitled to deduct a reasonable fee for services from the sale proceeds. Furthermore, the Debtor stipulated that he was aware of the Bank's security interest at the time he undertook to sell the Bank's collateral. These facts underscore the intentional, and therefore willful, nature of the Debtor's conduct.

Moreover, the Debtor's actions constitute not only the tort of conversion, but also the state law statutory offenses of theft and defrauding secured creditors. The crimes of embezzlement, conversion, larceny, and similar common law and statutory offenses relating to misappropriations of property or services have been consolidated into the single offense of theft under Arkansas law. *In re Hoffman*, 70 B.R. at 162. The Arkansas Code provides that "a person commits theft of property if he ... knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer in an interest in, the property of another person, with the purpose of depriving the owner thereof." Ark.Code Ann. § 5–36–103(a)(1) (Michie 1987). A person commits the offense of defrauding secured creditors if he transfers or otherwise disposes of property subject to a security interest with the purpose of hindering enforcement of that interest. Ark.Code Ann. § 5–37–203 (Michie 1987).

The fact that the Debtor's conduct arguably rises to the level of two separate criminal offenses under state law supports the conclusion that the Debtor's act was malicious. In misappropriating the sale proceeds in which he had no legal or equitable interest, the Debtor acted with malice in harming the Bank's property just as if he were a bank robber or an embezzler. Therefore, the Bank has established that the debt owed by the Debtor resulted from a willful and malicious injury inflicted by the Debtor to the Bank's property.

### DEBTOR'S DEFENSE

The Debtor's principal defense is that Woody's, Inc. is the entity that is guilty of the conversion and because the Debtor was acting in the furtherance of the corporation's business, only Woody's, Inc. is liable to the Bank. This defense overlooks the significant principle of corporate law that officers and directors of corporations are personally liable to the extent that their tortious acts result in harm to a third party. *United States v. Foust (In re Foust)*, 52 F.3d 766, 769 (8th Cir. 1995); *Ford Motor Credit Co. v. Owens*, 807 F.2d 1556, 1559 (11th Cir.1987); *Mercury Marine Acceptance Corp. v. Wheeler (In re Wheeler)*, 96 B.R. 201, 204 (W.D.Mo.

1988); *McGraw v. Weeks,* 326 Ark. 285, 294, 930 S.W.2d 365, 370 (1996) (citing *Cash v. Carter,* 312 Ark. 41, 847 S.W.2d 18 (1993)).

In the context of bankruptcy, an individual debtor who is an officer of a corporation and who actively participates in the conversion of property subject to the security interest of a third party becomes personally liable to the third party such that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). *Ford Motor Credit Co.,* 807 F.2d at 1559; *Moreno v. Schwartz (In re Schwartz),* 36 B.R. 355, 359 (Bankr.E.D.N.Y.1984); *ITT Diversified Credit Corp. v. Nicoll (In re Nicoll),* 42 B.R. 87, 90 (Bankr.N.D.Ill.1984); *Bombardier Corp v. Penning (In re Penning),* 22 B.R. 616, 618 (Bankr.E.D.Mich. 1982) (citations omitted). See also *In re Wheeler,* 96 B.R. at 204 (stating that sale of boat in derogation of creditor's security interest by debtor's corporation was willful and malicious injury to creditor resulting in nondischargeable debt to individual debtor); *John Deere Co. v. Deresinski (In re Deresinski),* 216 B.R. 995 (Bankr. M.D.Fla.1998) (holding debtor personally liable for conversion of proceeds of sale of equipment by corporation over which debtor had complete control); *Central Fidelity Bank v. Higginbotham (In re Higginbotham),* 117 B.R. 211 (Bankr. E.D.Va.1990) (ruling that debts from sales of collateral automobiles out of trust by debtor's corporation resulted from willful and malicious injury by debtor and were nondischargeable).

Therefore, the debt of $40,367.36 plus interest, attorney's fees and costs as provided in the judgment of the Circuit Court of Faulkner County, Arkansas, is determined to be nondischargeable under the provisions of 11 U.S.C. § 523(a)(6).

IT IS SO ORDERED.