**In re Edwin L. BRYANT.**

**United States of America, Plaintiff,**

v.

**Edwin L. Bryant, Defendant.**

**Bankruptcy No. 99–10324S.**
**Adversary No. 99–1014.**

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

May 12, 2000.

Stacey E. McCord, Little Rock, AR, Assistant United States Attorney, for U.S.

Phil Shoffner, Searcy, AR, for Debtor.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the plaintiff's Motion for Summary Judgment, filed on April 27, 2000, to which the defendant debtor responded on May 5, 2000. The debtor disputes none of the facts of this case but argues that they do not fall within any of the nondischargeability provisions pleaded by the United States.

While the debtor was a supply technician with the Arkansas Army National Guard, the Office of the Inspector General and the Federal Bureau of Investigation conducted an investigation regarding misuse of government property. During the investigation, not only was military equip-ment and property discovered at the debtor's farm, the use of eighteen semi-trailers were required to remove the property. On February 25, 1993, the debtor pleaded guilty to charges of theft of government property in violation of 18 U.S.C. § 641. Specifically, the debtor pleaded guilty to the charge that he,

> did unlawfully take and knowingly convert[1] to his own use military property and equipment of the United States and the Arkansas National Guard, removing same to his personal residence.

In 1993, the Department of the Army found that the debtor was liable to the United States in the amount of $158,-864.00. When the United States sought a judgment from the United States District Court for the obligation, the defendant filed his petition under chapter 7 of the Bankruptcy Code.

The complaint in this action seeks a determination that the obligation owed to the United States is nondischargeable pursuant to section 523(a)(2), (a)(4), and (a)(6). Since the uncontroverted facts of this case fall so clearly within the ambit of section 523(a)(4) and (a)(6),[2] the Court does not address the causes of action under section 523(a)(2). The Bankruptcy Code provides in pertinent part:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.* * *
>> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.  * * *

11 U.S.C. § 523(a)(4), (a)(6).

Collateral estoppel applies to preclude relitigation of issues arising in dis-

---

1. A conversion is the exercise of dominion over property in violation of the rights of the owner or person entitled to possession. *Quality Motors v. Hays,* 216 Ark. 264, 225 S.W.2d 326 (1949).

2. In any event, it appears that under Arkansas law, a false pretense is deemed to be larceny. *Central Sur. Fire Corp. v. Williams,* 213 Ark. 600, 211 S.W.2d 891 (1948). Thus, it appears that if larceny exists, so does false pretense.

chargeability determinations. *See Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."); *Johnson v. Miera (In re Miera)*, 926 F.2d 741 (8th Cir.1991).

In order to apply collateral estoppel, four elements must be present:

(1) the issue sought to be precluded must be the same as that involved in the prior action;

(2) the issue must have been litigated in the prior action;

(3) the issue must have been determined by a valid and final judgment; and

(4) the determination must have been essential to the prior judgment.

*Miera*, 926 F.2d at 743 (8th Cir.1991).

There is no question that each of these elements is met as to both paragraphs 523(a)(4) and (a)(6). The defendant pleaded guilty to theft of government property and was accordingly convicted of that crime. Further, the elements of that conviction and those under section 524(a)(4) are virtually identical. Under Arkansas law, larceny is the felonious taking of goods or things personal of another from any place without consent, with the felonious intent to permanently deprive the owner. *Ackerson v. United States*, 185 F.2d 485 (8th Cir.1950); *Blackshare v. State*, 94 Ark. 548, 128 S.W. 549 (1910); *Bridges v. State*, 257 Ark. 527, 519 S.W.2d 756 (1975) (discussing and distinguishing embezzlement and larceny). The modern Arkansas provision governing larceny, conversion, embezzlement and theft generally,[3] provides:

A person commits theft of property if he:

(1) Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof; or

(2) Knowingly obtains the property of another person, by deception or by threat, with the purpose of depriving the owner thereof.

Ark.Code Ann. § 5–36–103 (Mitchie 1997). Admitting to the charge of taking property of the United States in violation of its rights falls clearly within the ambit of section 523(a)(4), *see In re Jacobs*, 243 B.R. 836 (Bankr.M.D.Fla.2000), and a judgment of conviction having been entered as to that charge, the debtor is precluded from relitigating the issue.[4]

Similarly, the elements of the admitted crime also fall within the ambit of section 523(a)(6) for willful and malicious injury to the property of another. Indeed, damages arising from a debtor's fraud, theft, or conversion have been held to constitute a willful and malicious injury under section 523(a)(6). *Mercantile Bank of Arkansas v. Speers (In re Speers)*, 244 B.R. 142 (Bankr.E.D.Ark.2000)(Mixon, J.)("In misappropriating the sale proceeds in which he had no legal or equitable interest, the Debtor acted with malice in harming the Bank's property just as if he were a bank robber or an embezzler."); *Chrysler Credit Corp. v. Perry Chrysler Plymouth*, 783 F.2d 480, 486 (5th Cir.1986). Having been convicted of theft, the debt is nondischargeable pursuant to section 523(a)(6). *See Sunco Sales, Inc. v. Latch (In re Latch)*, 820 F.2d 1163, 1166 & n. 1 (11th Cir.1987)("It is clear, then, that the definition of willful and malicious under the bankruptcy statute is fairly covered by the

---

**3.** The common law and statutory offenses relating to misappropriations of property or services have been consolidated into the single offense of theft under Arkansas law. *Mercantile Bank of Arkansas v. Speers (In re Speers)*, 244 B.R. 142, 145 (Bankr.E.D.Ark.2000)(Mixon, J.).

**4.** This Court also finds that, even were collateral estoppel not applied, the plaintiffs demonstrated as a factual matter, and the defendant freely admits, that he stole property of the United States.

requirement of criminal intent in the civil theft statute.").

**ORDERED** that the United States Motion for Summary Judgment, filed on April 27, 2000, is granted. A separate judgment shall be entered.

**IT IS SO ORDERED.**