**In the Matter of Steven Kirk SHULER and Michele F. Shuler, husband and wife, dba Plantation Trailer Supply, Wheels Unlimited, Shuler Insurance Agency, and, A Hitch Shop, Debtors.**

**Marian APPLEGATE, Plaintiff,**

**v.**

**Steven Kirk SHULER and Michele F. Shuler, husband and wife, dba Wheels Unlimited, Defendants.**

**Bankruptcy No. 82–0105.**

United States Bankruptcy Court, D. Idaho.

May 21, 1982.

Stoppello & Merris, Boise, Idaho, for plaintiff.

Rudolf D. Barchas, Boise, Idaho, for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MERLIN S. YOUNG, Bankruptcy Judge.

This matter is before the court for decision after trial held on April 28, 1982. By this action, plaintiff seeks a determination that the indebtedness owed to her by defendants is a nondischargeable obligation pursuant to § 523(a)(4) of the Bankruptcy Code. Plaintiff also seeks and was granted at the time of trial an order vacating the stay of § 362 of the Bankruptcy Code for the limited purpose of allowing the joinder of defendants as parties defendant in a state court action in which plaintiff herein is seeking to recover against defendant's surety.

The essential facts were stipulated and, briefly stated, are as follows:

Plaintiff entered into a consignment agreement with the defendants for the sale of a certain 1978 Argosy Minuet trailer. Plaintiff delivered possession to defendants at their place of business. Defendant sold

the trailer on or about September 27, 1979, to a third party for $6,500, which sum was paid to defendants by the buyer. The defendant has not paid any portion of the sale proceeds to plaintiff. On March 14, 1980, defendants filed for relief under chapter 11 of the Bankruptcy Code and listed plaintiff as a general unsecured creditor.

Defendant Michele F. Shuler did not personally participate in the transaction in question and was joined only as the wife of Steven Kirk Shuler. The amount due to plaintiff is $5,430 at this time.

Other evidence submitted on behalf of the plaintiff establishes that defendants, because of their precarious financial situation, deposited the proceeds from the sale of plaintiff's trailer in their general account, used the same in the operation of their business, and are unable to pay the moneys to the plaintiff although they continue in business under chapter 11.

Based upon these facts, I conclude that as a matter of law defendants' indebtedness to plaintiff is a nondischargeable obligation; that defendant's use of the proceeds of the sale for his own purposes constituted an embezzelment under Idaho state law and under the provisions of § 523(a)(4); and that to the extent this court's decision in the matter of *In re Drake*, 5 B.R. 149, 6 BCD 662 (Bkrtcy.D.Idaho 1980), is contrary to this decision, the same is overruled.

I further find that the debt is nondischargeable as to the defendant Michele F. Shuler as well as Steven Kirk Shuler because the obligation is a community obligation resulting from a community venture and thus both parties defendant must remain liable for the community indebtedness.

The foregoing is adopted as my findings of fact and conclusions of law pursuant to Bankruptcy Rule 752. Counsel for plaintiff is asked to prepare a formal judgment in accord with this decision.