In the Matter of Steven Kirk SHULER and Michele F. Shuler, husband and wife, dba Plantation Trailer Supply, Wheels Unlimited, Shuler Insurance Agency, and, a Hitch Shop, Debtors.

Marian APPLEGATE, Plaintiff,

v.

Steven Kirk SHULER and Michele F. Shuler, husband and wife, dba Wheels Unlimited, Defendants.

Bankruptcy No. 82–0105.

United States Bankruptcy Court, D. Idaho.

July 14, 1982.

Stoppello & Merris, Boise, Idaho, for plaintiff.

Rudolf D. Barchas, Boise, Idaho, for defendants.

### MEMORANDUM DECISION RE: MOTION FOR RECONSIDERATION

M. S. YOUNG, Bankruptcy Judge.

The present motion for reconsideration was presented to the court following trial and entry of findings of fact and conclusions of law on May 21, 1982, 20 B.R. 163 (Bkrtcy.D. Idaho 1982). Defendant seeks reconsideration, prior to entry of judgment, of the conclusion that an embezzlement occurred and that plaintiff's debt is therefore nondischargeable. For the reasons set forth below, essentially elaborating upon my earlier decision, I hereby deny defendant's motion and enter judgment for plaintiff.

As I stated in the May 21 decision, the preponderance of the evidence shows that defendant received a trailer from plaintiff to sell on consignment, sold the same, and retained the proceeds in his general business account instead of paying them over to plaintiff consignor. I therefore held the debt nondischargeable under 11 U.S.C. § 523(a)(4) as constituting an embezzlement. I further noted that, to the extent this court's earlier decision in *In re Drake* (*Hurlburt v. Drake; Red Barn v. Drake*), 5 B.R. 149, 6 B.C.D. 662, 80 I.B.C.R. 28 (Bkrtcy.1980) was to the contrary, it was overruled. In light of the briefs filed herein and the present motion, this latter ruling should be elaborated upon.

■ At the time of *Drake*, I failed to note changes in the law of dischargeability as it existed under Section 17 of the Act made by 11 U.S.C. § 523(a)(4). As counsel herein, and the authors of 3 Collier's on Bankruptcy at ¶ 523.14, 523.14[1][c], and 523.14[3] point out, the ground of embezzlement under subsection (a)(4) does not require that a fiduciary relationship or express trust exist. To the extent *Drake* sets forth a requirement of express trust or fiduciary relationship in the context of em-

bezzlement or larceny under § 523(a)(4), it is erroneous. The sole question presented under the second half of § 523(a)(4), as it now reads, is whether embezzlement or larceny has in fact occurred.

■ In analyzing this issue, I find that the traditional common law definition of an embezzlement and the statutory crime of embezzlement in Idaho are fairly congruent: an embezzlement occurs when a person fraudulently appropriates property of another which has been entrusted to him. Fraudulent appropriation requires intent to deprive and this element is, necessarily, to be derived from the conduct of the person accused of the embezzlement.

■ While such intent is a question of fact, when proceeds of sale are received by a consignee who has, upon receipt, the affirmative duty to pay an agreed portion of those proceeds over to the consignor, and those funds are not paid, such intent to deprive is inferable unless the failure to pay was caused by circumstances or conditions beyond the control of the consignor. The fact that the intent is to deprive the rightful owner of the funds only temporarily and not permanently, as is often the situation in cases such as *Drake* and the present action, does not eliminate the element of intent. For example, in the context of criminal embezzlement, the intention to restore the property is neither a defense to nor negation of the embezzlement. The embezzlement has occurred and the intent to later restore may only be considered in mitigation of punishment. I conclude the same analysis applies in the civil context.

The debt herein is therefore held nondischargeable under 11 U.S.C. § 523(a)(4). Judgment will be entered accordingly.