In re David Paul POKRANDT, Jean
Carol Pokrandt, Debtors.

MONTGOMERY WARD &
COMPANY, INC., Plaintiff,

v.

David Paul POKRANDT and Jean
Carol Pokrandt, Defendants.

Bankruptcy No. EF7–85–00409.
Adv. No. 83–0158.

United States Bankruptcy Court,
W.D. Wisconsin.

Oct. 1, 1985.

John G. Kellogg, Appleton, Wis., for plaintiff.

L.R. Reinstra, New Richmond, Wis., for defendants.

## OPINION AND ORDER DENYING OBJECTION TO DISCHARGE

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Plaintiff Montgomery Ward & Company, Inc., has filed this adversary proceeding seeking a denial from discharge of certain debts owed to it by defendants David Paul and Jean Carol Pokrandt. Based on a catalog sales agency agreement between the parties, defendants operated a catalog store in New Richmond, Wisconsin, from July 5, 1981, until January 17, 1983. Plaintiff contends that certain debts which arose in the operation of the catalog store are nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (4) and (6).

A hearing in this matter was held September 5, 1985. Plaintiff appeared by Attorney John G. Kellogg and defendants by Attorney L.R. Reinstra. The parties have also submitted briefs to the court.

Plaintiff argues initially that defendants' issuance of two NSF checks in late December, 1982, and early January, 1983, to plaintiff in the aggregate amount of $9,245.73 was both a false representation under sec. 523(a)(2)(A) and a materially false statement under sec. 523(a)(2)(B).[1] It points out that defendants testified that they were aware that they had insufficient funds in their account to cover the checks. Plaintiff maintains that because of lag time in its accounting system it did not become aware that the checks were NSF until two weeks after they were issued. Therefore, it claims that it shipped goods during this lag period in reliance on the soundness of the checks. Plaintiff seeks to have the debt for these goods ordered nondischargeable pursuant to sec. 523(a)(2).

In order to prevail under either sec. 523(a)(2)(A) or sec. 523(a)(2)(B), a creditor must demonstrate a misrepresentation. *In re Sutton*, 39 B.R. 390, 397 (Bankr.M.D. Tenn.1984). The fact that a debtor knowingly issues an NSF check does not establish a misrepresentation. See *Sutton, supra; In re Lo Bosco*, 14 B.R. 739, 742 (Bankr.E.D.N.Y.1981); and *In re Anson*, 9 B.R. 741, 744 (Bankr.W.D.Mo.1981). In the present case there would have to be proof that defendants used the NSF checks for the purpose of misrepresentation. Specifically, plaintiff would have to demonstrate that defendants issued the checks to fraudulently obtain new merchandise.

An objecting party bears the burden of proving the necessary elements under secs. 523(a)(2)(A) or (B) by clear and convincing evidence. *In re Lamb*, 28 B.R. 462, 464 (Bankr.W.D.La.1983); In re *Lo Bosco, supra*. Plaintiff has not satisfied this burden. It has proved that the defendants knowingly issued NSF checks, but not that they did so fraudulently or for the purpose of misrepresentation. Defendants may well have intended to make the checks good at a later date as they did with an NSF check in November, 1982. Under the circumstances of this case, fraud or misrepresentation cannot be inferred by the court.

Plaintiff's second argument is that defendants' debts should be excepted from

---

1. Sec. 523(a)(2) provides:
   § 523. Exceptions to discharge.
   (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—...
   (2) for money, property, services or an extension, renewal or refinancing of credit, to the extent obtained by—
   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—
   (i) that is materially false;
   (ii) respecting the debtor's or an insider's financial condition;
   (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
   (iv) that the debtor caused to be made or published with intent to deceive;

discharge as arising from fraud or defalcation while acting in a fiduciary capacity, under sec. 523(a)(4). It claims that a fiduciary capacity arose from a requirement that catalog store operators maintain separate accounts for merchandise and operations.

It has been noted that the term "fiduciary capacity" has been narrowly construed for purposes of discharge determination under sec. 523(a)(4). *In re Chambers*, 23 B.R. 206, 208 (Bankr.W.D.Wis.1982). Further, it has consistently been held that a "fiduciary capacity" is limited to situations involving express trusts rather than trusts arising from an act of wrongdoing, or trusts imposed by law from contract. *Id.* In *Chambers* the court found that the debtor-creditor relationship involved there was not the type of relationship considered fiduciary under the Bankruptcy Code. *Id.*

The present case is analogous to *Chambers, supra.* Plaintiff has not shown that it actually required defendants to maintain separate accounts. The testimony of plaintiff's two witnesses on this subject indisputably shows that plaintiff recommended maintaining separate accounts but never enforced it as a requirement. Therefore, the debt between the parties did not arise from a fiduciary relationship but from a debtor-creditor relationship. Plaintiff's contention under sec. 523(a)(4) must fail.

The final basis for a denial of discharge advanced by plaintiff is conversion under sec. 523(a)(6). Willful and malicious injuries to another entity, or the property of another entity, are excepted from discharge by sec. 523(a)(6). Common law conversion is an injury included in this section. *In re Chambers, supra* at 210. In order to be willful an injury must be deliberate or intentional. *Id.*

There has been no showing of the type of intentional or deliberate conversion required by sec. 523(a)(6). Defendants concede that they owe plaintiff money. This debt apparently represented money due for merchandise, rent, insurance, return penalties and other miscellaneous charges. There is no evidence that the debt arose through a willful and malicious attempt by defendants to convert plaintiff's property. For whatever reason, defendants reached a point at which they were no longer able to meet their obligations to plaintiff. As opposed to having engaged in the type of willful and malicious conversion which would justify denial of discharge, defendants appear to have simply been engaged in a failing business. The facts of this case do not warrant a finding of deliberate and willful conversion without proof of anything more than that defendants owe plaintiff money for merchandise and services it provided.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### ORDER

IT IS ORDERED THAT plaintiff's objections to discharge are denied.