**In re Julian Morris TARRANT, Jr. and Harlie Ward Tarrant, Debtors.**

**In re CHAMPION HOME BUILDERS COMPANY, Plaintiff,**

**v.**

**Julian Morris TARRANT, Jr., a/k/a "Pud" Tarrant, and Harlie Ward Tarrant, Defendants.**

Bankruptcy Nos.
86–01202–BKC–3P7, 87–15.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 30, 1988.

Karen K. Specie, Gainesville, Fla., for plaintiff.

Greg Crews, Jacksonville, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

THIS MATTER was tried before the Court beginning December 16, 1987, and concluding on February 10, 1988. The Court having heard all evidence and argument of counsel for the parties, hereby renders its Findings of Fact and Conclusions of Law in accordance with Bankruptcy Rule 7052, and will enter a separate Final Judgment in accordance therewith, pursuant to Bankruptcy Rule 7052.

### FINDING OF FACT

1. The Defendants, JULIAN AND HARLIE TARRANT, were the President and Secretary/Treasurer, respectively, of a company by the name of Golden West Mobile Homes, Inc., which corporation was a retail mobile home dealer located in Ocala, Marion County, Florida. Golden West Mobile Homes, Inc. began doing business as a mobile home retail dealer in 1983. At all times material hereto, both Defendants were officers of Golden West Mobile Homes, Inc.

2. Golden West Mobile Homes, Inc. (hereinafter "Golden West") sold mobile homes *inter alia,* on floorplanning arrangements with various creditors, including Plaintiff, CHAMPION HOME BUILDERS COMPANY, and its predecessors in interest, FinanceAmerica Private Brands, Inc., and Champion Credit Corporation. Golden West began doing business with Plaintiff's predecessors in interest in April of 1983.

3. Golden West, through the Tarrants, executed a Security Agreement/Inventory Contract on April 7, 1983 granting a security interest to Plaintiff's predecessor in interest, FinanceAmerica Private Brands, Inc., in all the manufactured housing, mobile homes and the like, including accessories and all other equipment used or intended to be used in conjunction with said items, acquired from Golden West from Plaintiff, Champion. FinanceAmerica Private Brands, Inc. perfected its security interest in these items by recording an appropriate UCC–1 Financing Statement with the Secretary of State of the State of Florida. This transaction and documentation commenced what will hereinafter be referred to as the "floorplanning arrangement."

4. On or about April 18, 1984, Golden West executed another Security Agreement/Inventory Contract with Champion Credit Corporation, successor in interest to FinanceAmerica Private Brands, Inc., and predecessor in interest to Plaintiff, Champion, granting to Champion a security inter-

est in the same collateral. FinanceAmerica Private Brands, Inc. assigned to Champion Credit Corporation all of its right, title and interest in and to the obligations of Golden West, and subsequently Champion Credit Corporation assigned all of its right, title and interest in and to the obligations of Golden West to Champion, Plaintiff herein.

5. Under the floorplanning arrangement, Golden West would purchase manufactured housing and mobile homes from Champion and finance these purchases through Champion Credit Corporation.

6. During January through July, 1986, Golden West purchased four (4) mobile homes from Champion, and financed these purchases through Champion Credit Corporation. The original cost of these units totalled $65,252.00.

7. During 1986, and prior to going out of business in July of 1986, Golden West sold these four (4) units for cash and failed to remit the proceeds of the sale of the units to Champion. In other words, Golden West sold these four (4) units out of trust.

8. The Defendants admitted that they knew that when these units were sold they were to remit the proceeds of the sale of the units to Champion, and further admitted that they knew these units were subject to Champion's secured lien, pursuant to the floorplanning arrangement.

9. The Defendants also admitted that during 1986, both of them were actively involved in operating Golden West, and that they jointly made the decision to sell these four (4) units and use the proceeds from the sale of these units in operation of the business rather than remitting same to Champion.

10. The evidence showed that the fair market value of the four (4) units sold out of trust at the time they were sold was the invoice cost of the units, or $65,252.00.

11. Mr. Tarrant executed a personal guarantee in favor of Champion, personally guaranteeing any and all debts of Golden West. Mrs. Tarrant did not sign a personal guarantee.

## CONCLUSIONS OF LAW

12. This Court has jurisdiction over the parties and this proceeding under 28 U.S.C. § 157(b)(2)(I).

13. The actions of Defendants, Julian Morris Tarrant, Jr. and Harlie Ward Tarrant, are sufficient to support a finding of nondischargeability of their debt to Champion Home Builders Company, pursuant to Bankruptcy Code § 523(a)(4) for conversion, and Bankruptcy Code § 523(a)(6), for embezzlement.

14. Based upon the authority of *Ford Motor Credit Company v. Owens*, 807 F.2d 1556 (11th Cir.1987), both Defendants are individually liable to Champion for the damages incurred by virtue of the sales of these four (4) units out of trust, because they were both personally responsible for the day to day operations of Golden West, and liable for Golden West's failure to fulfill its obligations to Champion in accordance with the terms of the floorplanning arrangement.

15. A showing of embezzlement under § 523(a)(4) of the Bankruptcy Code does not require a showing of the existence of a fiduciary capacity. Accordingly, Plaintiff Champion has made a sufficient showing of embezzlement as to each Defendant to render the Defendants personally liable to Champion in the amount of $65,252.00 and to render this debt nondischargeable within the meaning of § 523(a)(4) of the Code.

16. Plaintiff has likewise proved that the Defendants converted Champion's collateral by selling the four (4) mobile home units out from under Plaintiff's security interest, and that therefore their debt to Champion is nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code (11 U.S.C. § 523(a)(6)).

17. The evidence showed that certain brake axles, tires and idler axles were missing from mobile home units sold to Golden West under the floorplanning arrangement when these units were repossessed by Champion after Golden West went out of business. The evidence was insufficient,

however, to show that the Defendants were responsible for these missing items.

18. This Court shall not award the accrued interest on the $65,252.00 or attorney fees to Champion in its judgment against the Defendants.

19. The Defendants, Julian Morris Tarrant, Jr. a/k/a "Pud" and Harlie Ward Tarrant, are liable to Plaintiff, Champion Home Builders Company in the amount of $65,252.00., jointly and severally, and this debt is nondischargeable as to both Defendants pursuant to 11 U.S.C. § 523(a)(4) and (a)(6). Plaintiff, Champion Home Builders Company, is entitled to a judgment in its favor and against both Defendants, and a separate Final Judgment shall be entered by this Court in accordance with the Findings of Fact and Conclusions of Law contained herein.