In re Eugene B. BLANTON aka/dba Blanton's Automobiles, Debtor.

Carlton T. HALL, Plaintiff,

v.

Eugene B. BLANTON, Defendant.

Bankruptcy No. 92–41025–T.

Adv. No. 92–4032.

United States Bankruptcy Court, E.D. Virginia, Newport News Division.

Dec. 11, 1992.

Erwin B. Nachman, Newport News, VA, for plaintiff.

Tom C. Smith, Virginia Beach, VA, for debtor.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Trial was held December 1, 1992, on plaintiff's complaint to determine dischargeability pursuant to 11 U.S.C. § 523(a)(4). At the conclusion of trial the court ruled from the bench that judgment would be entered for plaintiff. This opinion supplements the court's bench ruling.

## FACTS

For a number of years debtor has been in the business of used automobile sales. During the time of the transactions involved in this adversary proceeding, he operated as a proprietorship under the name of Blanton Auto Sales.

Plaintiff is also in the business of used automobile rental and sales. During the time in question he was a vice president of El Cheapo Auto Rental, Inc., and also conducted his personal business through this entity.

The transactions described in this opinion were conducted by plaintiff for the most part in the name of El Cheapo. However, plaintiff's use of the corporate entity was merely for convenience. Plaintiff was the beneficial owner of the vehicles consigned to debtor and the real party in interest in these transactions.

During the year 1991 and previously, plaintiff delivered to debtor on consignment a number of automobiles along with the titles endorsed to debtor for the purpose of debtor's selling the vehicles. The contractual arrangement between the parties was that debtor was to sell the vehicles (transferring title to the purchaser) and remit to plaintiff a fixed, agreed upon sum for each automobile. Under the parties' arrangement, the funds received by debtor from sales were funds of the plaintiff to the extent of the agreed upon price. Debtor's profit on the sales was in selling automobiles for more than was due plaintiff.

The parties successfully used this arrangement for a number of automobile sales by debtor. However, during the year 1991 plaintiff delivered to debtor approximately 21 vehicles for which debtor failed to remit proceeds to plaintiff. Debtor sold these vehicles and used the proceeds either personally or in his business. Debtor thus received and used approximately $108,-000.00 which were funds of the plaintiff. In addition, debtor deceived plaintiff by falsely representing reasons for debtor's delay in remitting the funds.

## DISCUSSION AND CONCLUSIONS OF LAW

11 U.S.C. § 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Plaintiff argues that the debtor's actions constitute embezzlement.

Embezzlement under § 523 has been defined as the "fraudulent appropriation of property by a person to whom such property has been lawfully entrusted or into whose hands it has lawfully come." *Moore v. United States*, 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422 (1895); *Hyman Wholesale Corp. v. Allman (In re Allman)*, 147 B.R. 122 (Bankr.E.D.Va.1992); *Commonwealth of Virginia Commission of Game & Inland Fisheries v. Myers (In re Myers)*, 52 B.R. 901 (Bankr.E.D.Va.1985); 3 Lawrence P. King, *Collier on Bankruptcy* ¶ 523.14[3] (15th ed. 1991).

In order to prevail, the plaintiff must establish that the debtor's appropriation of the funds was with fraudulent intent. "Even where a case might imply some form of trust by virtue of a debtor holding funds for another, the debtor's subsequent appropriation of the funds will not amount to an embezzlement absent proof of the debtor's fraudulent intent." *In re Myers*, 52 B.R. at 905 (citing *Great American Insurance Company v. Storms (In re Storms)*, 28 B.R. 761, 765 (Bankr.E.D.N.C. 1983)). However, intent may be inferred from the debtor's actions and surrounding circumstances. *Moonan v. Bevilacqua (In re Bevilacqua)*, 53 B.R. 331, 334 (Bankr. S.D.N.Y.1985).

Plaintiff presents a strong case here. Although the dealings between the parties were based largely upon oral contract, the debtor was quite candid at trial and readily acknowledged his contractual obligations to plaintiff and in particular that the sale proceeds from the automobiles were plaintiff's property to the extent of the agreed price.[1]

The evidence here thus supports a finding of embezzlement. Pursuant to the agreement between the parties, the plaintiff was clearly entitled to proceeds of the vehicle sales. Debtor sold the vehicles and pocketed the proceeds without remitting

---

1. The automobiles in issue were initially acquired by plaintiff using funds of plaintiff's corporate employer, El Cheapo Auto Rental, Inc., and the vehicles were titled to El Cheapo. However, the evidence readily established and the court has found that plaintiff actually financed the purchases and that he was the beneficial owner of the vehicles. Plaintiff's arrangement with El Cheapo was to pay the company a fee of $125.00 for each vehicle transaction. Moreover, at trial debtor acknowledged that he was dealing in all substantial respects with the plaintiff individually.

payment to plaintiff. This, along with the debtor's false representations to the plaintiff concerning reasons for delay in payment, gives rise to an inference of fraudulent intent.

The debtor's subsequent misappropriation of plaintiff's proceeds is embezzlement under the federal definition. For the reasons stated the court finds the entire debt excepted from discharge pursuant to § 523(a)(4).

The amount of the debt is not in dispute. A separate judgment order will therefore be entered in an amount to be determined by counsel and submitted for the court's approval.