In re Douglas E. NOBEL and
Pamela R. Nobel, Debtors.

CHRYSLER FIRST COMMERCIAL
CORPORATION, Plaintiff,

v.

Douglas E. NOBEL, Defendant.

Bankruptcy No. 93–1656–8P7.
Adv. No. 93–317.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 8, 1995.

See also 839 F.Supp. 830.

Timothy C. Batten, Atlanta, GA, W. Patrick Ayers, Tampa, FL, for plaintiff.

Jay B. Verona, St. Petersburg, FL, for defendant.

## ORDER ON DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS III AND IV

ALEXANDER L. PASKAY, Chief Judge.

IN THIS Chapter 7 liquidation case Chrysler First Commercial Corporation (Chrysler) filed a four Count Complaint in which Chrysler seeks a determination that the debt owed by Douglas E. Nobel (Debtor) should be declared to be not within the exception to the overall protection of the general discharge granted to individuals by § 727(a) of the Bankruptcy Code. The claim of nondischargeability in Count I is based on the contention of Chrysler that the Debtor was a fiduciary with a duty owed to Chrysler and while acting in that capacity, willfully and intentionally defrauded Chrysler, thus according to Chrysler the liability of the Debtor comes within the exception set forth in § 523(a)(4) of the Bankruptcy Code.

The claim in Count II is also based on the same Section and is based upon the allegation that the Debtor was guilty of defalcation while acting in a fiduciary capacity. The claim in Count III is also based on the same Section and also alleges that the Debtor embezzled funds from the Plaintiff. The claim in the last count, Count IV, is based on § 523(a)(6) alleging that the Debtor did willfully and maliciously injure the property of Chrysler.

The Court has previously considered a Motion for Summary Judgment directed to Counts I and II. In this connection the Court has entered an Order granting Summary Judgment in favor of the Debtor on Counts I and II. The present matter under consideration is a Motion for Partial Summary Judgment filed by the Debtor directed to the claims contained in Count III and IV only. It is the Debtor's contention that the facts are without dispute and he is entitled to a judgment in his favor against the Plaintiff as a matter of law. This contention is based on the proposition urged by the Debtor that there are no facts alleged or established through affidavits that the property allegedly embezzled was property of Chrysler. Therefore, the claims set forth in Count III and IV cannot be recognized and he is entitled to a final judgment dismissing the claims set forth in Counts III and IV with prejudice.

The facts are indeed without dispute and can be summarized as follows. At the time relevant the Debtor was the General Manager and a corporate officer of a corporation known as Lighthouse Point Marine Center, Inc. (Lighthouse). On March 3, 1990, Lighthouse entered into a Security Agreement Inventory Financing, colloquially referred to as a "floor plan arrangement," whereby Chrysler financed the purchase of new boats by Lighthouse. The Debtor personally guaranteed any obligation due and owing to Chrysler based on the Floor Plan agreement. At the time relevant the Debtor was employed by Lighthouse and was in charge of sales finances and generally acted as its business manager. It is without dispute that under the Floor Plan arrangement, Lighthouse was authorized to sell the inventory financed by Chrysler but was required to remit part of the sale proceeds to Chrysler promptly when a particular boat was sold. It should be noted that the Floor Plan Agreement does not expressly provide for the segregation of the funds to be held in trust by the debtor. It is without dispute that Lighthouse sold several boats without remitting the funds required by the agreement and it was out of trust. Based on this, according to Chrysler, Lighthouse is indebted to Chrysler in the amount of $158,752.92, together with payment of interest up to and including August 12, 1993, in the amount of $14,101.82. In addition, based on the Debtor's personal guarantee, he is also indebted to Chrysler in the same amount.

■ Based on the foregoing undisputed facts, it is the contention of the Debtor that the proceeds from the sale of boats were not the property of Chrysler and therefore, the facts as alleged cannot sustain a claim of nondischargeability pursuant to § 523(a)(4). In addition, the Debtor contends as to Count IV that the actions were not undertaken with

the requisite intent to damage or injure the Plaintiff.

The term "embezzlement" as used in § 523(a)(4) has to be determined by Federal common law which defines the term as the fraudulent appropriation of money by a person to whom the money has been entrusted or into whose hands it has come lawfully. *In re Bevilacqua*, 53 B.R. 331 (Bankr. S.D.N.Y.1985). Before one can maintain a claim of non-dischargeability based on embezzlement, it must allege facts to show that the properties which were allegedly embezzled by the defendants were properties of Chrysler. To show that the properties were in fact the property of Chrysler, Chrysler cites the case of *In re Rebhan*, 45 B.R. 609 (Bankr.S.D.Fla.1985). In *Rebhan* the Bankruptcy Court held that a failure to remit the proceeds of the sale of goods covered by a floor plan was an actionable embezzlement, and thus the debt owed to the floor plan financier was a non-dischargeable debt pursuant to § 524(a)(4). Chrysler also cites the case of *In re Tarrant*, 84 B.R. 831 (Bankr. M.D.Fla.1988) in which the Bankruptcy Court merely held that in order to make out a viable claim of embezzlement under § 523(a)(4), it is unnecessary to allege and prove that the Debtor acted in a fiduciary capacity. *Tarrant* did not discuss at all the operating elements of a viable claim of non-dischargeability based upon embezzlement and of course did not discuss whether or not it is necessary to allege and prove that the property embezzled was in fact the property of Chrysler.

It should be pointed out that in *Rebhan* the claim of non-dischargeability was asserted by the floor plan financier Chrysler Credit who alleged that the failure to remit to Chrysler Credit the proceeds of sale of cars subject to the floor plan by a principal of the car dealership was tantamount to embezzling its funds. The decision of the District Court affirming the decision of the Bankruptcy Court holding the debt owed to Chrysler non-dischargeable was appealed. The Eleventh Circuit on appeal affirmed the decision of the District Court's decision in *Rebhan* that the debt owed to Chrysler was non-dischargeable based on § 523(a)(6) (willful

malicious injury to the property of an entity). However, the Court also stated in Footnote 4 that it considered unnecessary to consider the claim based on § 523(a)(4) the claim based on embezzlement. In *Tarrant* the claim of non-dischargeability was asserted by Champion Home Builders Company (Champion Home), the corporation whose funds were embezzled by the Debtor who was an officer of Champion Home.

In the present instance, this Court is disinclined to accept the proposition that funds obtained by the sale of goods subject to a floor plan are properties of the floor plan financier unless the floor plan expressly provides for the segregation of the funds to be held in trust by the debtor. Absent an express provision that the sale proceeds are held in trust, the floor plan financier's interest is nothing more than a security interest on the vehicle covered by the floor plan and, if the agreement provides, on the proceeds obtained from the sale by the dealer.

It is true that this interest may be injured and if it was done with the requisite willfulness and malice may be the basis of a claim of non-dischargeability under § 523(a)(6), see *Rebhan*, supra. However, it could not be a basis of a claim based on embezzlement pursuant to § 523(a)(4) because the funds allegedly embezzled were not the funds of Chrysler. It is hardly logical to assume that Congress intended that the two exceptions to discharge one based on embezzlement, § 523(a)(4); the other on willful, malicious injury to property of an entity, § 523(a)(6), were intended to be used interchangeably and both have the same operating elements and proof of one would support the claim of the other. In the case of *In re Lloyd Phillips*, 882 F.2d 302 (8th Cir.1989), the Court of Appeals held that funds which were subject to the Bank's security interest did not give the Bank an ownership to the funds the debtors, thus could not be subject to embezzlement of funds of the Bank therefore a claim based on embezzlement could not support a claim of non-dischargeability based on § 523(a)(4).

Based upon the foregoing, this Court is satisfied that the Floor Plan Agreement does not expressly provide for the deposit of the proceeds in trust, and therefore, the proceeds are not the property of Chrys-

ler. In sum, the Debtor is entitled to Summary Judgment in his favor. This leaves for consideration the claim set forth in Count IV of the Complaint. This Count sets forth a claim pursuant to § 523(a)(6). As noted above, as a matter of law, this is a proper cause of action for this fact scenario. However, considering the element of intent involved in this claim, this Court is satisfied that resolution of this claim by summary judgment is inappropriate.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Partial Summary Judgment is hereby granted as to Count III and a separate final judgment shall be entered in accordance with the foregoing. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Partial Summary Judgment is hereby denied as to Count IV and a pre-trial conference shall be scheduled before the undersigned in Courtroom C of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on March 20, 1995 at 10:00 a.m. to prepare this count for trial.

DONE AND ORDERED.