In re Wallace E. HUNTER and Carol A. Hunter, Debtors.

SOUTHEAST BANK, N.A., Creditor/Appellant,

v.

Wallace E. HUNTER and Carol A. Hunter, Debtors/Appellees.

No. 84–1028–CIV–ORL–19.

United States District Court, M.D. Florida, Orlando Division.

Feb. 26, 1988.

Stephen A. Hilger, Gray, Harris & Robinson, P.A., Orlando, Fla., for creditor/appellant.

Edward M. Livingston, Orlando, Fla., for debtors/appellees.

FAWSETT, District Judge.

Appellant, Southeast Bank, sought a determination by the United States Bankruptcy Court that the issuance of a worthless check by the Debtor, Wallace E. Hunter, constituted fraud so as to preclude discharge of the debt pursuant to 11 U.S.C. § 523(a)(2)(A). A trial of the matter was commenced on May 23, 1984, and concluded on August 16, 1984. The Bankruptcy Court entered an Order finding that the debt owed to Southeast Bank was dischargeable because Southeast Bank failed to prove fraud at the time that certain merchandise was delivered on consignment to Wallace E. Hunter. Southeast Bank filed this appeal claiming that the Bankruptcy Court erred as a matter of law in requiring proof of fraudulent conduct when the consigned goods were delivered to the Hunter's business premises.

### STATEMENT OF FACTS

The debtor, Wallace E. Hunter, at the time of the transactions giving rise to this action, was president and sole shareholder of Hunter's Marine Center, which was in the business of selling boats. In or about June of 1982, Southeast Bank consigned for resale to Hunter's Marine Center two boats which it had repossessed. The consignment was made to Hunter based on a history of successful consignment arrangements between the parties. Southeast Bank's agent who placed the boats did not inquire into the then-current financial condition of the business or indeed have any reason to do so on the basis of information available to him.

Hunter's Marine Center sold the boats to third parties, and on June 29, 1982, presented two checks to Southeast Bank amount-

ing to $21,752.91. The checks were drawn on a Hunter's Marine Center account and signed by Wallace Hunter, which was consistent with the usual business practice. The checks were returned for insufficient funds on July 1, 1982 and again on July 7, 1982. On July 12, 1982, Hunter's Marine Center issued a third check to Southeast Bank in the amount of $21,752.91 in place of the two previously dishonored checks. The third check was also dishonored. Southeast Bank sued Hunter's Marine Center for the $21,752.91 debt in state court, and a final judgment was entered in favor of Southeast Bank.

The sole issue before the Bankruptcy Court was whether the debt owed to Southeast Bank was non-dischargeable under 11 U.S.C. § 523(a)(2)(A) "for obtaining money, property, services, or credit, by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's financial condition."

Southeast Bank presented considerable evidence to the effect that Wallace E. Hunter, who managed the bank accounts for Hunter's Marine Center, had a history of writing worthless checks. While Hunter was issuing bad checks, he maintained a separate business savings account. Hunter was using the savings account to control the payment of checks. At the time that the checks were written to Southeast Bank there were sufficient funds in the business savings account to cover the amount of the checks. Southeast Bank maintains that the evidence established that the bad checks were issued knowingly or with reckless disregard as to whether there were funds on deposit to cover them.

## MERITS

■ In order to prevail on the question of dischargeability in this case, Southeast Bank must prove, by clear and convincing evidence, that Wallace E. Hunter acted fraudulently in incurring the debt at issue. *See In re Pozucek*, 73 B.R. 110 (Bankr.N.D.Ill.1987); *In re Mangel*, 72 B.R. 516 (Bankr.S.D.Fla.1987); *Matter of Fordyce*, 56 B.R. 102 (Bankr.M.D.Fla.1985). Fraud within the meaning of section 523(a)(2)(A)

is established upon a proper showing that the debtor made misrepresentations of material facts, that the misrepresentations were made with knowledge of their falsity or with reckless disregard for their truth, and with the intent on the part of the debtor to deceive the other party, and that the other party reasonably relied on the representations and sustained loss as a result of such reliance. *In re Mangel, supra; In re Paulk*, 25 B.R. 913 (Bankr.M.D. Ga.1982). A lack of proof as to any one of the stated elements will be fatal to the party's claim of fraud.

■ The issuance of a worthless check to purchase goods does not, in itself, constitute fraud so as to preclude the discharge of the debt pursuant to section 523(a)(2)(A). *In re Collins*, 28 B.R. 244 (Bankr.W.D.Okl. 1983); *In re Jenes*, 18 B.R. 405 (Bankr.S.D. Fla.1981). The issuance of a check is not tantamount to a representation that there are sufficient funds in the drawee's bank account from which payment can be made. *In re Hammett*, 49 B.R. 533, 535 (Bankr.M. D.Fla.1985). It is simply a promise on the part of the drawer to pay the check in the event that it is dishonored by the bank. *In re Paulk*, 25 B.R. 913 (Bankr.M.D.Ga. 1982), *citing, Williams v. United States*, 458 U.S. 279, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982). Thus, in order to establish the initial element of fraud, Southeast Bank must prove that the debtor made a representation that the check was good. There is no evidence or allegation of any such express representation by the debtor in the present case.

There is also a lack of evidence that the debtor issued the checks with the intent to defraud Southeast Bank. The evidence presented in this case to the effect that the checks were issued with knowledge that there were insufficient funds for payment in the debtor's account is not conclusive on the issue of fraudulent intent. It is possible that William E. Hunter issued the checks with the knowledge of his deficient account balance but with the intention of transferring funds from the business savings account for their payment prior to presentment by Southeast Bank. *See In re*

*Burgstaler,* 58 B.R. 508 (Bankr.D.Minn. 1986); *In re Pokrandt,* 54 B.R. 691 (Bankr. W.D.Wis.1985); *In re Hammett,* 49 B.R. 533 (Bankr.M.D.Fla.1985).

The Court also questions the reasonableness of Southeast Bank's reliance on the third check which it accepted from the debtor, due to the first two checks having been dishonored on two occasions during the preceding week.

The Court concludes, therefore, that Southeast Bank has failed to meet its burden under section 523(a)(2)(A). The decision of the United States Bankruptcy Court is hereby AFFIRMED.