**AT & T UNIVERSAL CardSERVICES CORP., Appellant,**

**v.**

**Connie L. SANTOS, Appellee.**

**No. 96–2174–CIV–T–17C.**

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 22, 1997.

Larry Michael Foyle, Kass Hodges, P.A., Tampa, FL, for appellant.

Andrew P. Tsaffaras, Jr., St. Petersburg, FL, for appellee.

## ORDER DENYING APPELLANT'S APPEAL

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Appellant's, AT & T Universal CardServices Corp., ("AT & T"), appeal from the United States Bankruptcy Court for the Middle District of Florida entered September 6, 1996, by Bankruptcy Judge C. Timothy Corcoran III, and accompanying brief. (Docket No. 7).

## STANDARD OF REVIEW

The District Court is bound by the findings of fact made by the Bankruptcy Court unless it determines them clearly erroneous and due regard shall be given to the opportunity of the bankruptcy judge to judge credibility of the witnesses. The burden is on appellant to show that the Bankruptcy Court's factual findings are clearly erroneous. Federal Rules of Bankruptcy Procedure, Rule 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647 (11th Cir.1986). Appellant is entitled to independent *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Owen*, 86 B.R. 691 (M.D.Fla.1988).

## FACTS

This is a Chapter 7 case and the matter under consideration is the dischargeability of debts owed to Appellant, AT & T, by Appellee, Connie Santos. Appellant, AT & T, contends that the debt owed to it by Appellee, Connie L. Santos, is not dischargeable pursuant 11 U.S.C. § 523(a)(2)(A). The Court having reviewed the Brief of Appellant, AT & T, and the record, finds the facts to be as follows:

In June of 1994, Appellee, Ms. Santos, and her husband moved from California to Florida. Prior to coming to Florida, Appellee, Ms. Santos, had done some research and talked with Florida governmental agencies, about starting a business in which she would transport the elderly to various destinations, such as grocery shopping, medical visits etc. The Florida agencies with whom Appellee, Ms. Santos, spoke were very encouraging regarding the need for such a business.

Upon Appellee's, Ms. Santos, arrival, her husband had difficulty getting established and finding steady work. In late June of 1994, Appellee, Ms. Santos, received an unsolicited, pre-approved credit card application from AT & T Universal CardServices Corp. On the application, Appellee, Ms. Santos, stated her yearly income for 1994 as $56,000.00. Based on this information, Appellee, Ms. Santos, received a credit card, around September 2, 1994, with a Twenty-five Hundred Dollar ($2,500.00) credit limit.

Appellee's, Ms. Santos, business was still in the start-up phase, so at the time she used the card in September of 1994, she had not earned any income in her new business, although the record reflects that "..she was

very optimistic about the future of her little endeavor." (Court Transcript; Page 54. Line 23–24). Appellee, Ms. Santos, used the credit card to make purchases and obtain cash advances, over a six (6) day period. The total amount of credit used by Appellee, Ms. Santos, over that period was $2,705.62, which exceeded her limit.

A majority of the money came in the form of a $2,300.00 cash advance, which the Appellee, Ms. Santos, admits that she used to pay down other credit cards, pay for insurance on a business van, and daily necessities. From September of 1994 until Appellee, Ms. Santos, filed for Chapter 7 bankruptcy in October of 1995, no payment was made to Appellant, AT & T.

## DISCUSSION

Appellant, AT & T, argues: (1) Appellee, Ms. Santos, committed actual fraud in listing her income at $56,000.00 on the credit application; (2) justifiably relying on this information ("actual fraud"), Appellant, AT & T, issued a credit card with a limit of $2,500.00 to Appellee, Ms. Santos; (3) had Appellee, Ms. Santos, stated her correct income, Appellant, AT & T Universal CardServices, would have issued a card, but with only a $100.00 limit; (4) that Appellee, Ms. Santos, was never "excited" or "confident" about the new business; and (5) Appellee, Ms. Santos, never intended to repay back the credit card debt.

The issue this Court must consider is whether the Bankruptcy Court committed error in discharging Appellee's, Ms. Santos, credit card debt. Under 11 U.S.C. § 523(a)(2)(A) are found exceptions to discharge of debt in bankruptcy. Section 523(a)(2)(A) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—(2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by—(A) false pretenses, a false misrepresentation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

The standard for establishing actual fraud was articulated in *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir.1986):

[A] creditor must prove that: the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation ... [Footnote and citations omitted.] The debtor must be guilty of positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality.

See also, *Southeast Bank v. Hunter (In re Hunter)*, 83 B.R. 803, 804 (M.D.Fla.1988); *First Fed. v. Landen (In re Landen)*, 95 B.R. 826, 828 (Bankr.M.D.Fla.1989). Appellant, AT & T, must satisfy their burden by preponderance of evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The issue the Bankruptcy Court considered was whether, Appellee, Ms. Santos, committed fraud when she stated her income for 1994 as $56,000.00. The Bankruptcy Court's finding is clear that Appellee, Ms. Santos, gave a "credible" estimation of her 1994 income and that her intent was to repay Appellant, AT & T. The record reflects the following, on page 54–56 of the transcript (The Court speaking):

She (Appellee, Ms. Santos), testified here at trial this afternoon credibly that she used the card in September of 1994 with complete intent to repay the credit card company. And she further testified credibly that she thought she had the ability to repay the credit card company because she was optimistic about her prospects for this new service business to senior.... And she readily admitted here at trial today that that was more then she was making ($56,000) .... [b]ut she, in readily admitting that, testified credibly that she calculated the $56,000.00 amount based upon her $180.00–a–day salary proving care for the elderly couple that she cared for in California and that she was confident that

she would be able to replicate that kind of salary with this new business here in Florida. Given the optimism that she had for that business particularly here in this state.

This Court must defer to the bankruptcy judge in determining credibility of any witness. The Bankruptcy Court has determined: (1) Appellee, Ms. Santos testified credibly; (2) given the circumstances, stating $56,000.00 as income for 1994 was credible; (3) Appellee, Ms. Santos, used the credit card fully intending to pay for the charges; and (4) Appellee, Ms. Santos, fully believed that she would have the ability to repay the credit card company.

This Court after reviewing the record and brief filed by Appellant. AT & T, (Docket No. 7), finds that Appellant, AT & T, has failed to meet their burden and further finds no error was committed. Accordingly, it is

**ORDERED** that the orders of the Bankruptcy Court be **AFFIRMED** and the Clerk of Court **SHALL** enter judgment pursuant this order.